**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                            (State)

Case number (*if known*): _____ Chapter **11**

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | **OYA RENEWABLES YIELD-1 LLC** |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **OYA Solar MM-2021 LLC** |
| 3. **Debtor's federal Employer Identification Number** (EIN) | **9 8 – 1 6 2 4 3 2 6** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **75**     **Central Street, 3rd Floor** | **909**     **Fannin Street, Suite 2450** |
| Number    Street | Number     Street |
| | P.O. Box |
| **Boston**     **MA**    **02109** | **Houston**     **TX**    **77010** |
| City     State    ZIP Code | City     State    ZIP Code |
| **Suffolk County** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number     Street |
| | |
| | City     State    ZIP Code |

5. **Debtor's website** (URL)    https://oyarenewables.com/

Debtor    OYA RENEWABLES YIELD-1 LLC _____    Case number *(if known)*_____
          Name

---

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2211 __ __

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                        MM / DD / YYYY

         District _____  When _____  Case number _____
                                        MM / DD / YYYY

---

Debtor    OYA RENEWABLES YIELD-1 LLC _____    Case number *(if known)*_____
_____Name_____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.    Debtor    See Schedule 1 _____    Relationship _____

District _____    When _____
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
Number        Street

_____

_____
City                                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☑ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Debtor   __OYA RENEWABLES YIELD-1 LLC_____     Case number (if known)_____
          Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>■ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>■ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __11 / 06 / 2024__
                MM  / DD / YYYY

✖ __/s/ John Shepherd_____          __John Shepherd_____
Signature of authorized representative of debtor          Printed name

Title  __Chief Restructuring Officer_____

**18. Signature of attorney**

✖  __/s/ Edmon L. Morton_____          Date  __11 / 06 / 2024__
Signature of attorney for debtor                                  MM  / DD / YYYY

__Edmon L. Morton_____
Printed name
__Young Conaway Stargatt & Taylor, LLP_____
Firm name
                  __Rodney Square, 1000 North King Street_____
Number       Street
__Wilmington_____     __DE__     __19801__
City                                                    State      ZIP Code

__(302) 571-6600_____     __emorton@ycst.com_____
Contact phone                                       Email address

__3856_____     __DE_____
Bar number                                          State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
                           (State)

Case number (*If known*): _____   Chapter __11__

☐ Check if this is an
   amended filing

**Schedule 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors will file a motion for joint administration of these cases under the case number assigned to the chapter 11 case of OYA Renewables Development LLC.

1. OYA Renewables Development LLC (Tax ID 84-5107738)

2. OYA Renewables Construction and Yield Holdings LLC (Tax ID 85-2209227)

3. OYA Renewables EquipmentCo LLC (Tax ID 88-4216444)

4. OYA Renewables Construction Holdings 3 LLC (Tax ID 88-4212317)

5. OYA-Rosewood Holdings LLC (Tax ID 30-1281673)

6. OYA Renewables Construction Holdings 2 LLC (Tax ID 88-2469296)

7. OYA Renewables Yield-1 LLC (Tax ID 98-1624326)

8. OYA-OMNI Development Company, LLC (Tax ID 83-2769784)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>OYA RENEWABLES DEVELOPMENT LLC, *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 24-_____ (___)<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP**
**STATEMENT AND LIST OF EQUITY HOLDERS**
**PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3) AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") OYA Renewables Development LLC and its debtor affiliates (each, a "**Debtor**" and collectively, the "**Debtors**"), represent as follows:

| Debtor | Ownership Details |
|---|---|
| OYA Renewables Development LLC | 100% owned by OYA Renewables Corp., a non-Debtor entity. |
| OYA Renewables Construction and Yield Holdings LLC | 100% owned by OYA Renewables Corp., a non-Debtor entity. |
| OYA Renewables EquipmentCo LLC | 100% owned by OYA Renewables Corp., a non-Debtor entity. |
| OYA Renewables Construction Holdings 3 LLC | 100% owned by Debtor OYA Renewables Construction and Yield Holdings LLC. |
| OYA-Rosewood Holdings LLC | 50% owned by Debtor OYA Renewables Construction and Yield Holdings LLC; 50% owned by non-Debtor Rosewood Energy LLC. |
| OYA-OMNI Development Company, LLC | 100% owned by Debtor OYA Renewables Development LLC. |
| OYA Renewables Yield-1 LLC | 100% owned by Debtor OYA-Rosewood Holdings LLC. |
| OYA Renewables Construction Holdings 2 LLC | 100% owned by Debtor OYA-Rosewood Holdings LLC. |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are OYA Renewables Development LLC (7738), OYA Renewables Construction and Yield Holdings LLC (9227), OYA Renewables EquipmentCo LLC (6444), OYA Renewables Construction Holdings 3 LLC (2317), OYA-Rosewood Holdings LLC (1673), OYA Renewables Construction Holdings 2 LLC (9296), OYA Renewables Yield-1 LLC (4326), and OYA-OMNI Development Company, LLC (9784).  The Debtors' service address is c/o Ankura Consulting Group, LLC, 2 Houston Center, 909 Fannin Street, Suite 2450, Houston, TX 77010, Attn: John Shepherd, Chief Restructuring Officer.

**Fill in this information to identify the case:**

Debtor name: OYA Renewables Development LLC

United States Bankruptcy Court for the: District of Delaware

Case number (if known): _____TBD_____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders** 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | PRI ENGINEERING, CORP. ARASH YAZDANI 205 ST GEORGE ST. UNIT 2 LINDSEY ON K9V 5Z9 CANADA | ARASH YAZDANI PHONE: (705) 702-3921 EMAIL: ARASH.YAZDANI@PRIENGINEERING.COM | Unsecured Trade | | | | $404,342.97 |
| 2 | CLEAR POINT ENERGY, INC. ANGELO CHAMBRONE 120 E. WASHINGTON ST. SUITE 512 SYRACUSE NY 13202 | ANGELO CHAMBRONE PHONE: (888) 311-1041 EMAIL: ACHAMBRONE@CLEARPOINTENERGY.COM | Unsecured Trade | | | | $283,087.88 |
| 3 | OMNI RENEWABLES MICHAEL FRANCIS 109 TWIN OAKS DR SYRACUSE NY 13206 | MICHAEL FRANCIS PHONE: (315) 743-6461 EMAIL: M.FRANCIS@ACTIVESOLARUSA.COM | Unsecured Trade | | | | $132,375.90 |
| 4 | DNV ENERGY USA, INC. BRET DUNBAR 155 GRAND AVE. SUITE 600 OAKLAND CA 94612 | BRET DUNBAR PHONE: (281) 796-2526 EMAIL: BRENT.DUNBAR@DNV.COM | Unsecured Trade | | | | $64,187.75 |
| 5 | POLAR RACKING, INC. SHASTRI SISTEEDHUR 6889 REXWOOD RD #5 MISSISSAUGA ON L4V 1R2 CANADA | SHASTRI SISTEEDHUR PHONE: (833) 801-5233 EMAIL: SHASTRI.SISTEEDHUR@POLARRACKING.COM | Unsecured Trade | | | | $49,400.00 |
| 6 | LIHDC PROFESSIONAL, CORP. CHRISTINE HOLMES 1 YONGE STREET SUITE 1801 TORONTO ON M5E 1W7 CANADA | CHRISTINE HOLMES PHONE: (416) 357-6887 EMAIL: CHRISTINE.HOLMES@LAWYERSINHOUSE.COM | Unsecured Trade | | | | $48,084.08 |
| 7 | PUREPOWER ENGINEERING CLAUDIA HIDALGO 111 RIVER ST. SUITE 1110 HOBOKEN NJ 07030 | CLAUDIA HIDALGO PHONE: (201) 687-9975 EMAIL: CHIDALGO@PUREPOWER.COM | Unsecured Trade | | | | $43,275.00 |
| 8 | RENEWABLES WORLDWIDE MATT DAGATI 16 HAVERHILL ST. SUITE 15 ANDOVER MA 01810 | MATT DAGATI PHONE: (800) 480-4751 EMAIL: MDAGATI@RENEWABLESWORLDWIDE.ORG | Unsecured Trade | | | | $31,607.81 |
| 9 | STANCE RENEWABLE RISK PARTNERS, INC. ANTHONY RETORT 125 E. SIR FRANCIS DRAKE BLVD. SUITE 200 LARKSPUR CA 94939 | ANTHONY RETORT PHONE: (415) 808-6451 EMAIL: ANTHONY@STANCERISK.COM | Unsecured Trade | | | | $31,500.00 |
| 10 | BOHLER ENGINEERING KEITH CAHILL 30 INDEPENDENCE BLVD SUITE 200 WARREN NJ 07059 | KEITH CAHILL PHONE: (908) 668-8300 EMAIL: KCAHILL@BOHLERENG.COM | Unsecured Trade | | | | $30,524.69 |
| 11 | CSC COMPANY JACK WILLIAMS 251 LITTLE FALLS DRIVE WILMINGTON DE 19808-1674 | JACK WILLIAMS PHONE: (302) 421-6745 X66745 EMAIL: JACK.WILLIAMS@CSCGLOBAL.COM | Unsecured Trade | | | | $21,649.70 |

Debtor: OYA Renewables Development LLC, *et al.*                                                    Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 12 | PATTERSON COMPANIES JOHN MARK PATTERSON 1031 MENDOTA HEIGHTS ROAD SAINT PAUL MN 55120 | JOHN MARK PATTERSON PHONE: (443) 201-6042 EMAIL: JOHN-MARK.PATTERSON.COL@ALLIANZ-TRADE.COM | Unsecured Trade | | | | $19,500.00 |
| 13 | DAVID LAIRD ASSOCIATES, INC. DIANE RICCARDI 1557 WEST 26TH STREET ERIE PA 16508 | DIANE RICCARDI PHONE: (814) 456-0330 EMAIL: DRICCARDI@LAIRDSURVEY.NET | Unsecured Trade | | | | $15,875.00 |
| 14 | NYS DEPARTMENT OF ENVIRONMENTAL CONSERVATION SEAN MAHAR 625 BROADWAY 10TH FLOOR ALBANY NY 12233-5013 | SEAN MAHAR PHONE: (518) 402-8044 EMAIL: CONTACT@DEC.NY.GOV | Unsecured Trade | | | | $15,136.84 |
| 15 | ALLEGANY COUNTY INDUSTRIAL DEVELOPMENT AGENCY CRAIG CLARK 6087 STATE ROUTE 19N SUITE 100 BELMONT NY 14813 | CRAIG CLARK PHONE: (585) 268-7472 EMAIL: CRAIG.CLARK@ALLEGANYCO.GOV | Unsecured Trade | | | | $12,500.00 |
| 16 | BARCLAY DAMON LLP DARLENE BAKER 125 EAST JEFFERSON ST. SYRACUSE NY 13202 | DARLENE BAKER PHONE: (315) 413-7211 EMAIL: DBAKER@BARCLAYDAMON.COM | Unsecured Trade | | | | $10,002.50 |
| 17 | LABELLA ASSOCIATES D.P.C. GABRIELLE KRAWIEC 300 STATE STREET SUITE 201 ROCHESTER NY 14614 | GABRIELLE KRAWIEC PHONE: (585) 295-6279 EMAIL: GKRAWIEC@LABELLAPC.COM | Unsecured Trade | | | | $9,050.00 |
| 18 | AUSFELD & WALDRUFF LAND SURVEYORS LLP VINCENT AUSFELD 323 CLINTON STREET SCHENECTADY NY 12305 | VINCENT AUSFELD PHONE: (518) 346-1595 EMAIL: VAUSFELD@AWLSLLP.COM | Unsecured Trade | | | | $7,900.00 |
| 19 | BROWN & BROWN OF OREGON, LLC CATHY COMBS 601 SW 2ND AVE. #1200 PORTLAND OR 97204 | CATHY COMBS PHONE: (503) 219-3251 EMAIL: CATHY.COMBS@BBROWN.COM | Unsecured Trade | | | | $6,799.00 |
| 20 | CATIC TITLE INSURANCE COMPANY ALISON D'ARCY 600 WHITE PLAINS ROAD SUITE 570 TARRYTOWN NY 10591 | ALISON D'ARCY PHONE: (860) 726-4225 EMAIL: ADARCY@CATIC.COM | Unsecured Trade | | | | $6,708.76 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name    OYA RENEWABLES YIELD-1 LLC
_____

United States Bankruptcy Court for the: _____ District of    Delaware
                                                                      (State)

Case number (*If known*):    _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    Amended *Schedule* _____

☑    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑    Other document that requires a declaration    CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY HOLDERS

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11 / 06 / 2024          ✗    /s/ John Shepherd
               MM / DD / YYYY               _____
                                            Signature of individual signing on behalf of debtor

                                            John Shepherd
                                            _____
                                            Printed name

                                            Chief Restructuring Officer
                                            _____
                                            Position or relationship to debtor

**OMNIBUS WRITTEN CONSENT**
**OF**
**OYA RENEWABLES DEVELOPMENT LLC**
**AND CERTAIN OF ITS SUBSIDIARIES AND AFFILIATES**

November 6, 2024

Pursuant to the provisions of the Limited Liability Company Act of the State of Delaware, as amended, as in effect on the date hereof, each of the undersigned, being (i) the managing member, (ii) members of the board or (iii) members, as applicable (in each case, each an "Approving Party" and collectively, the "Approving Parties"), of each of the entities, as applicable, set forth on Schedule I attached hereto (each such entity being referred to herein as a "Company Entity", and collectively, the "Company"), does hereby consent to, adopt and approve the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of each such Company Entity:

**WHEREAS**, the Approving Parties have considered certain materials presented by, or on behalf of, the Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Approving Parties have reviewed and considered presentations by Management and the Advisors of the Company regarding the advantages and disadvantages of filing voluntary petitions for relief (the "Bankruptcy Petitions") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code");

**WHEREAS**, the Company desires to negotiate, execute, deliver, and perform under a debtor in possession financing facility by and among the Company, on one hand, and Radial Power, LLC, on the other hand, (the "DIP Facility") and enter into all agreements, instruments, certificates, pledges, applications, supplements, reports, notices and documents constituting exhibits or schedules to or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Facility (the "DIP Facility Documents") to consummate the transaction and one or more borrowings contemplated thereby (the "DIP Loans"); and

**WHEREAS**, the Approving Parties have determined, in the judgment of the Approving Parties, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest.

**NOW, THEREFORE BE IT:**

1.   **DIP Facility**

**RESOLVED:**   That the Company be, and hereby is, authorized, directed, and empowered to enter into the DIP Facility Documents, on terms and conditions substantially similar to those set forth in the form of DIP Facility Documents previously provided and/or described to the Approving Parties, and to perform all of its obligations thereunder, including the incurrence of the indebtedness thereunder,

borrowing and repaying DIP Loans, the guaranty by the Company of the obligations thereunder and the grant of security interests in and liens upon certain assets of the Company now or hereafter owned as contemplated by DIP Facility Documents in favor of Radial Power, LLC;

**FURTHER RESOLVED:** That (i) the form, terms and provisions of the DIP Facility Documents, (ii) the execution, delivery and performance thereof, and (iii) the consummation of the transactions related thereto is hereby authorized and approved in all respects, and each of the applicable Authorized Persons (as defined below), any of whom may act without any of the others, be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to enter into, execute, deliver and perform under, the DIP Facility Documents and any amendments or modifications thereto, with such changes, modifications, additions, deletions and amendments thereto as any applicable Authorized Persons in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable, the approval of which shall be conclusively established by the execution and delivery thereof;

**FURTHER RESOLVED:** That in order to carry out fully the intent and effectuate the purposes of the foregoing resolutions, each of the applicable Authorized Persons be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company to take further action including, without limitation, to arrange for, enter into or grant amendments and modifications to and waivers of the DIP Facility Documents, and to arrange for and enter into supplemental agreements, instruments, certificates, joinders, consents, assignments, notices, financing statements and other documents, relating to the DIP Facility contemplated by the DIP Facility Documents, and to execute and deliver all such further amendments (including any incremental amendments and upsizes), modifications, waivers, supplemental agreements, instruments, notes, or any other financing documents, as may be called for under or in connection with the DIP Facility Documents, that may be determined by such applicable Authorized Persons to be necessary or desirable, containing such terms and conditions and other provisions consistent with the DIP Facility Documents, in the name and on behalf of the Company, and to pay all such indemnities, fees and expenses, which shall in his or her judgment be deemed necessary, proper or advisable in order to perform the Company's obligations under or in connection with the DIP Facility Documents and the transactions contemplated thereby.

2.    **Voluntary Petitions for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief**

**RESOLVED:** That the Approving Parties have considered their respective fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of each applicable Company Entity as a whole, to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

**FURTHER
RESOLVED:**      That in the judgment of the Approving Parties, it is desirable and in the best interests of each Company Entity, their interest holders, subsidiaries, creditors, and other parties in interest, that each Company Entity shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petitions under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for each applicable Company Entity (the "Chapter 11 Cases"); and, in accordance with the requirements of each Company Entity's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petitions;

**FURTHER
RESOLVED**:      That any member of the board or duly appointed officer of any Company Entity, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of the applicable Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company and/or obtain additional financing in accordance with the Bankruptcy Code.

**3.      Marketing and Sale Process**

**RESOLVED:**      That in connection with the Bankruptcy Petitions, it is in the best interest of the Company, with the assistance of their Advisors, to continue to market the Company's assets for a sale via Section 363 of the Bankruptcy Code, including contacting, discussing, negotiating, and soliciting offers from potential bidders, including conducting any auction in connection therewith, in order to receive the highest or otherwise best offer for the sale of the Company's assets.

**FURTHER
RESOLVED:**      That in the judgment of the Approving Parties, it is desirable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest that the Company be, and hereby is, authorized to negotiate, execute, and enter into, all required documentation to consummate any sale transaction for the highest or otherwise best offer for the sale of any assets of the Company (the "Sale Transaction(s)") (including any stalking horse agreement, asset purchase agreements or any other agreements or documents evidencing any such sale (collectively, the "Purchase Agreement(s)")), with such changes, additions, and modifications thereto as an Authorized Person shall approve;

**FURTHER
RESOLVED:**      That the Company shall be, and hereby is, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Company, authorized, directed and empowered to seek entry of an order or

orders authorizing entry into any Purchase Agreement(s) and consummation of the Sale Transaction(s) contemplated thereby, all substantially in accordance with documents that have been presented or will be presented to the Approving Party and/or filed with the Bankruptcy Court, subject to such modifications thereto as the Approving Party or Management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person);

**FURTHER RESOLVED:** That in connection with the Bankruptcy Petitions, it is in the best interest of the Company to enter into a Stalking Horse Purchase Agreement (the "<u>Radial PSA</u>") on terms and conditions substantially similar to those set forth in the form of Radial PSA previously provided and/or described to the Approving Parties;

**FURTHER RESOLVED:** That (a) the forms, terms and provisions of the Radial PSA, and all the exhibits annexed thereto, (b) the execution, delivery, and performance thereof, and (c) the consummation of the transactions contemplated thereunder by the applicable Company are hereby authorized, approved, and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as any applicable Authorized Person of the Company executing the same may, in such Authorized Person's discretion, deem necessary or appropriate, it being acknowledged that the execution of the Radial PSA and such other documents, agreements, instructions and certificates as may be required or contemplated by the Radial PSA, as applicable, shall be conclusive evidence of the approval thereof;

**FURTHER RESOLVED:** The Approving Parties hereby authorize, adopt, approve, ratify and confirm the Sale Transaction(s) and the Company's entry into the Purchase Agreement(s) and the Radial PSA, and each of the documents and agreements contemplated under any Purchase Agreement or the Radial PSA (the "<u>Transaction Documents</u>") to which the Company is a party, and the performance of the Company's obligations thereunder and (subject to the approval of the Bankruptcy Court) the consummation of the Sale Transaction(s) contemplated thereby;

**FURTHER RESOLVED:** That each Authorized Person hereby is authorized and empowered to execute and deliver any Purchase Agreement(s), the Radial PSA, any Transaction Documents and any and all certificates, agreements, instruments, documents and undertakings of any kind and nature contemplated thereunder to which the Company is to be a party or as are necessary or appropriate to consummate the Sale Transaction(s) contemplated by any Purchase Agreement(s), the Radial PSA and the Transaction Documents, in the name and on behalf of the Company, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Authorized Person executing the same shall approve (the execution and delivery

thereof by the Authorized Person to be conclusive evidence of such Authorized Person's approval of any such additions, deletions or changes);

**FURTHER RESOLVED:** In addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to any Purchase Agreement(s), the Radial PSA and the Transaction Documents;

**FURTHER RESOLVED:** That each of the Authorized Persons be, and hereby is, authorized and empowered to take any and all actions necessary or advisable to advance the Company's rights and obligations under any Purchase Agreement, the Radial PSA or the Transaction Documents and/or the sale process, including filing of additional pleadings with the Bankruptcy Court; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions;

**FURTHER RESOLVED**: That any applicable Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Restructuring Support Agreement, and/or any of the related documents which shall, in such Authorized Person's judgment, be necessary, proper or advisable.

4.   **Retention of Professionals**

**RESOLVED:** That each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as general bankruptcy counsel; (ii) Young Conaway Stargatt & Taylor, LLP, as local bankruptcy counsel; (iii) the financial advisory firm of Ankura Consulting Group, LLC; (iv) the investment banking firm of Agentis Capital Advisors; (v) the investment banking firm of SenaHill Advisors, LLC; (vi) Kroll Restructuring Administration LLC, as noticing and claims agent; and (vii) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or

pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

**5.**   **Further Actions and Prior Acts**

**RESOLVED:**   That in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Chapter 11 Cases;

**FURTHER RESOLVED:**   That each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**FURTHER RESOLVED**:   That, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**FURTHER RESOLVED**:   That the Approving Parties have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**FURTHER**
**RESOLVED:**    That all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Approving Parties.

**IN WITNESS WHEREOF**, the undersigned, being the Approving Party of OYA Renewables Construction and Yield Holdings LLC, a Delaware limited liability company, has executed this Omnibus Written Consent, as of the date first set forth above.

Signed by:

*Eric Millard*

By: ___183D59C92D854A0..._____

Name: Eric Millard

Title: Independent Manager

**IN WITNESS WHEREOF**, the undersigned, being the Approving Party of OYA Renewables EquipmentCo LLC, a Delaware limited liability company, has executed this Omnibus Written Consent, as of the date first set forth above.

By: _____
Signed by:
*Eric Millard*
183D59C92D854A0...

Name: Eric Millard
Title: Manager

*[Signature Page to Omnibus Written Consent – OYA Renewables EquipmentCo LLC]*

**IN WITNESS WHEREOF**, the undersigned, being the Approving Party of OYA Renewables Development LLC, a Delaware limited liability company, has executed this Omnibus Written Consent, as of the date first set forth above.

By: _Eric Millard_
183D59C92D854A0
Name: Eric Millard
Title: Independent Manager

*[Signature Page to Omnibus Written Consent – OYA Renewables Development LLC]*

       **IN WITNESS WHEREOF**, the undersigned, being the Approving Party of OYA Renewables Construction Holdings 3 LLC, a Delaware limited liability company, has executed this Omnibus Written Consent, as of the date first set forth above.

OYA RENEWABLES CONSTRUCTION AND YIELD HOLDINGS LLC, a Delaware limited liability company, as the sole member of OYA RENEWABLES CONSTRUCTION HOLDINGS 3 LLC

Signed by:

*Eric Millard*

By: ___183D59C92D854A0_____

Name: Eric Millard
Title: Independent Manager

**IN WITNESS WHEREOF**, the undersigned, being the Approving Party of OYA-Rosewood Holdings LLC, a Delaware limited liability company, has executed this Omnibus Written Consent, as of the date first set forth above.

OYA RENEWABLES CONSTRUCTION AND YIELD HOLDINGS LLC, a Delaware limited liability company, as the Managing Member of OYA-ROSEWOOD HOLDINGS LLC

By: _Eric Millard_
183D59C92D854A0...

Name: Eric Millard
Title: Independent Manager

*[Signature Page to Omnibus Written Consent – OYA-Rosewood Holdings LLC]*

      **IN WITNESS WHEREOF**, the undersigned, being the Approving Party of OYA Renewables Construction Holdings 2 LLC, a Delaware limited liability company, has executed this Omnibus Written Consent, as of the date first set forth above.

OYA-ROSEWOOD HOLDINGS LLC, a Delaware limited liability company, as the sole member of OYA RENEWABLES CONSTRUCTION HOLDINGS 2 LLC

By:  OYA RENEWABLES CONSTRUCTION AND YIELD HOLDINGS LLC, a Delaware limited liability company, as the Managing Member of OYA-ROSEWOOD HOLDINGS LLC

Signed by:

*Eric Millard*

By: 183D59C92D854A0...

Name: Eric Millard
Title: Independent Manager

*[Signature Page to Omnibus Written Consent – OYA Renewables Construction Holdings 2 LLC]*

IN WITNESS WHEREOF, the undersigned, being the Approving Party of OYA-OMNI Development Company, LLC, a Delaware limited liability company, has executed this Omnibus Written Consent, as of the date first set forth above.

OYA RENEWABLES DEVELOPMENT LLC, a Delaware limited liability company, as the sole member of OYA-OMNI DEVELOPMENT COMPANY, LLC

Signed by:

*Eric Millard*

By: ___183D59C92D854A0..._____

Name: Eric Millard

Title: Independent Manager

      **IN WITNESS WHEREOF**, the undersigned, being the Approving Party of OYA Renewables Yield-1 LLC, a Delaware limited liability company, has executed this Omnibus Written Consent, as of the date first set forth above.

OYA-ROSEWOOD HOLDINGS LLC, a Delaware limited liability company, as the sole member of OYA RENEWABLES YIELD-1 LLC

By:  OYA RENEWABLES CONSTRUCTION AND YIELD HOLDINGS LLC, a Delaware limited liability company, as the Managing Member of OYA-ROSEWOOD HOLDINGS LLC

Signed by:

*Eric Millard*

183D59C92D854A0...

By: _____

Name: Eric Millard

Title: Independent Manager

## Schedule I

1.  OYA Renewables Construction and Yield Holdings LLC

2.  OYA Renewables EquipmentCo LLC

3.  OYA Renewables Development LLC

4.  OYA Renewables Construction Holdings 3 LLC

5.  OYA-Rosewood Holdings LLC

6.  OYA Renewables Construction Holdings 2 LLC

7.  OYA-OMNI Development Company, LLC

8.  OYA Renewables Yield-1 LLC